UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
CAROLINA FONTANETA PEREIRA, a/k/a CAROLINA
FONTANETI,

                         Plaintiff,

        -against-

MC2 MODELS MANAGEMENT, LLC, and JEFFERY
FULLER, individually,

                        Defendants.
---------------------------------------------------------------------------x

Index No.: 16-CV-8739

**ANSWER**

Defendants MC2 Models Management, LLC ("MC2") and Jeffery Fuller ("Fuller") (collectively, "Defendants") by their attorneys, Hantman & Associates, as and for their Answer to Plaintiff's Complaint ("Complaint"), respectfully state as follows:

1.    Defendants decline to respond to the allegations contained in paragraph 1 of the Complaint, as the document referred to therein speaks for itself.

2.    Defendants decline to respond to the allegations contained in paragraph 2 of the Complaint, as the document referred to therein speaks for itself.

3.    Defendants deny that Fuller is a citizen of the State of New York and otherwise deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 3 of the Complaint.

4.    Defendants deny having any knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 4 of the Complaint.

5.    Defendants neither admit nor deny the allegations contained in paragraph 5 of the Complaint as it contains conclusions of law for which no response is required.

6.    Defendants neither admit nor deny the allegations contained in paragraph 6 of the

Complaint as it contains conclusions of law for which no response is required.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that Fontaneti is, upon information and belief, from Brazil and has appeared on the cover of Vogue Brazil and Elle Singapore, but otherwise denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint. By way of further response, Fuller merely stated that it was likely that she would be unidentifiable, but did not guarantee it.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint. By way of further response, Fontaneti has an excellent grasp of the English language, both written and spoken, and has had no trouble communicating with Defendants in English. An email from Fontaneti which clearly shows her proficiency is annexed hereto as <u>Exhibit A</u>.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 20 of the Complaint, except to admit that Fuller spoke with Fontaneti regarding the terms of the contract.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint, except to state that Fuller told Fontaneti that it was likely that she would be unidentifiable.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, except to state that Fuller told Fontaneti that it was likely that she would be unidentifiable.

23. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint, specifically that Fontaneti contracted to allow her image to be used solely in a motor show, but otherwise admit that Fontaneti received payment of $1,200 for her services.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit to being contacted by Ms. Fontanteti but deny the remaining allegations. MC2 discussed her concerns and explained that the contact had not been breached.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint. By way of further response, Defendants reiterate that Fuller explained that

29. Defendants deny the allegations contained in paragraph 29 of the Complaint. By way of further response, Fuller again reviewed Fontaneti's agreement and showed her that GM had the right to use her still image, whether recognizable or not, and that if her image was used for broadcast, that she would receive additional payment.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint. BY way of further response, MC2 does not have an "employment contract" with Fontaneti or any of its models.

31. Defendants admit the allegations contained in paragraph 31 of the Complaint. By way of further response, MC2 removed Fontaneti from its website only after receiving a letter from her attorney in which legal action was threatened. Given this correspondence, Defendants felt it would be inappropriate to continue its efforts to promote Fontaneti.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint. By way of further response, see Defendant's response to Paragraph 31 above. In addition, Fontaneti returned to Brazil permanently, and is therefore "unavailable" as defined within the scope of her agreement with MC2, making her ineligible for many potential bookings.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants repeat and reallege their responses to paragraph 1 through 34 as if fully set forth herein.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 38 of the Complaint and deny having made any false representation.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants repeat and reallege their responses to paragraph 1 through 41 as if fully set forth herein.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 46 of the Complaint but otherwise deny making such a false representation.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants repeat and reallege their responses to paragraph 1 through 49 as if fully set forth herein.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 53 of the Complaint but otherwise deny making such a false representation.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants repeat and reallege their responses to paragraph 1 through 54 as if fully set forth herein.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants repeat and reallege their responses to paragraph 1 through 58 as if fully set forth herein.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants repeat and reallege their responses to paragraph 1 through 63 as if fully set forth herein.

65. Defendants admit the allegations contained in paragraph 65 of the Complaint.

66. Defendants admit the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants repeat and reallege their responses to paragraph 1 through 68 as if fully set forth herein.

70. Defendants admit the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny having knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants repeat and reallege their responses to paragraph 1 through 73 as if

fully set forth herein.

75. Defendants admit the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants admit the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to a state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred because performance by Defendants were excused by Plaintiff's breaches and/or wrongful conduct.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred and/or Defendants' performance are excused under the doctrine of unconscionability.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred due to frustration of performance.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is barred from obtaining the relief she seeks against Defendants by virtue of Plaintiff's breach of the implied covenant of good faith and fair dealing inherent in all contractual relationships.

## EIGHTH AFFIRMATIVE DEFENSE

8. The injuries and/or damages, if any, alleged to have been sustained by Plaintiff were caused by the conduct and fault attributable to Plaintiff or others, without any culpable conduct on the part of the Defendants, their agents, servants, and/or employees, and the amount recovered, if any, should be diminished by the proportion which the culpable conduct attributed to Plaintiff bears to the conduct which caused the injuries and/or damages, if any.

## NINTH AFFIRMATIVE DEFENSE

9. The injuries and/or damages, if any, alleged to have been sustained by Plaintiff were caused by the acts and/or omissions of individuals and/or entities other than the Defendants.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims for damages, if any, are barred because Plaintiff has failed to mitigate, minimize, or avoid damages allegedly sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

11. To the extent any Court determines that Defendants caused any damages to Plaintiff, which Defendants deny, any such damages are subject to offset, set-aside, indemnification, subrogation and/or other set-off based upon the wrongful conduct by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

12. At all times relevant to the Amended Complaint, Defendants acted reasonably, properly, lawfully, and in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's own fraud, negligence and/or intentional conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants fulfilled all of their duties and obligations to plaintiff, whether arising from common law, statute, contract, tort, or otherwise.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's Amended Complaint should be dismissed for failure to join an indispensable party, Quasar.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Upon information and belief, the assignment referred to in the Amended Complaint is invalid, unauthorized, a nullity and/or <u>ultra vires</u> and Plaintiff has no standing to bring this action, and to the extent it were to be valid, Plaintiff is responsible for all damages incurred by the failure of Quasar to fulfill their contractual obligations.

17. Defendants have insufficient information and knowledge on which to form a belief as to whether Defendants have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that any such additional defenses would be appropriate.

Dated: New York, New York
      December __, 2016

                                      **HANTMAN & ASSOCIATES**
                                      www.hantmanlaw.com

                            By:  /s/ Robert J. Hantman
                                 Robert J. Hantman, Esq.

1120 Avenue of the Americas, 4th Floor
New York, New York 10036
*Attorneys for Defendants*

To:

Walker G. Harman, Jr.
Edgar M Rivera
The Harman Firm, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
wharman@theharmanfirm.com
erivera@theharmanfirm.com